THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* José María Bernabe, Defendant and Appellee.

No. 10340.    Argued February 18, 1944.—Decided April 12, 1944.

*Manuel Cruz Horta* for appellant. *R. A. Gómez, Prosecuting Attorney, (Fiscal), and Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

José María Bernabe, having been convicted and sentenced to one month's imprisonment for abandonment of his illegiti-

mate daughter, Eva Velázquez, appealed to this court an alleged that the trial court erred in weighing the evidence and in deciding the conflict arising therefrom against the defendant; in applying to this case our ruling in *People v. De Jesús,* 57 P.R.R. 695, and in permitting the birth certificate of a girl, Dora Velázquez, to be introduced in evidence when the girl mentioned in the complaint is Eva Velázquez.

■ The evidence for the prosecution, consisting of the testimony of Belén Velázquez, mother of the girl, of Mrs. Dolagaray, in whose house Belén Velázquez lived, and of the girl are sufficient, in our opinion, to establish the fact that the defendant is the natural father of the minor. The trial court gave full credit to the evidence for the prosecution, deciding therefore against the defendant. It not appearing from the record that the lower court was moved by partiality or that it was manifestly erroneous in weighing the evidence, it is our duty not to alter its decision.

■ Our ruling in *People v. De Jesús, supra,* is completely applicable to the case at bar. We decided there that in cases of abandonment of minors the sole testimony of the complaining mother, if given credit, is sufficient to convict, it not being a legal requisite that the testimony of the mother be corroborated. In the case at bar the testimony of Belén Velázquez, mother of the minor, was corroborated, as to many of the essential facts, by the testimony of Mrs. Dolagaray, in whose house the young lady seduced by the defendant lived for a period of five years. There was no error.

■ The third alleged error was not committed. It is true that in the information the minor is given the name of Eva, and that the girl to whom the certificate refers is Dora. But the apparent incongruency was satisfactorily explained by the mother, who testified that her daughter's name was Dora but that she has always been known as Eva.

The judgment should be affirmed.